FILED
Jun 08, 2026
01:06 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Musshur Meener | Docket No. 2025-80-0048 |
| v. | State File No. 84369-2024 |
| Federal Express Hub, et al. | |
| Appeal from the Court of Workers' Compensation Claims Shaterra R. Marion, Judge | |

---

### Affirmed and Remanded

In this second interlocutory appeal in this claim, the employee asserts the trial court erred by ordering him to complete a medical records release and to disclose the identity of a doctor who provided treatment for injuries allegedly related to his work incident. The employee also asserts the trial court erred by not ordering the employer to provide him with a copy of the transcript of his discovery deposition and further alleges the court reporter refused to provide him with a copy of the transcript for the expedited hearing. Having carefully reviewed the record, we affirm trial court's order, find the employee's appeal to be frivolous, and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Mussher Meener, employee-appellant, pro se

Joseph B. Baker, Memphis, Tennessee, for the employer-appellee, Federal Express Hub

### Memorandum Opinion[1]

This is the second interlocutory appeal in this matter. Mussher Meener ("Employee") was working for Federal Express Hub ("Employer") as a warehouse associate in April 2023 and alleged he injured his back and neck while in the course and scope of his employment. Employer authorized medical treatment and provided a panel of spine specialists, from which Employee selected Dr. John Brophy. Dr. Brophy diagnosed

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

1

Employee with cervical trapezius myofascial pain, ordered work conditioning, and placed him on restricted duty.[2]  Following completion of a home exercise program, Dr. Brophy placed Employee at maximum medical improvement and completed a Form C-30A Final Medical Report in which he opined Employee had no permanent impairment as a result of the alleged work incident.  Dr. Brophy further opined that Employee's ongoing complaints and need for additional medical treatment were not more than 50% related to the alleged work incident.

Employee filed a petition for benefit determination, and, following an unsuccessful mediation, a dispute certification notice was issued that identified compensability, medical benefits, and temporary disability benefits as disputed issues.  Employee then filed a request for an expedited hearing.  Thereafter, Employer propounded discovery on Employee in which it sought, in part, the identification of all medical providers treating Employee for alleged injuries related to the work incident and a HIPAA-compliant medical records release.  After an October 2025 expedited hearing, the trial court issued an order denying benefits, which we affirmed on appeal.

On remand, the court held a status hearing on February 23, 2026.  During this hearing, Employee disclosed that he was treating with a new provider for injuries he alleged are related to the work incident.  Employer requested that Employee supplement his discovery responses to identify his new provider and, when Employee failed to respond, filed a motion to compel.  In response, Employee asserted he would disclose the identity of his new doctor in "due time" and requested a copy of his discovery deposition transcript.

On March 26, 2026, the trial court granted Employer's motion to compel and ordered Employee to disclose the identity of his new doctor and execute a HIPAA-compliant medical release to allow Employer to seek records from the doctor.  The court observed that Employer had no obligation to provide Employee with a transcript of his discovery deposition and that Employee is free to obtain a copy on his own at his expense from the court reporter.  Employee has appealed.

A trial court's decisions regarding pretrial discovery are discretionary, and an appellate court's review of such a decision applies an "abuse of discretion" standard of review.  *Doe 1 ex rel. Doe 1 v. Roman Cath. Diocese of Nash.*, 154 S.W.3d 22, 42 (Tenn. 2005).  An abuse of discretion occurs if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party."  *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008).

---

[2] Employer no longer employed Employee when Dr. Brophy assigned work restrictions, but it avers it would have been able to accommodate the work restrictions as it had previously.

2

On appeal, Employee claims the court's order was not clear as to whether Employer's motion was granted or denied. Employee has also filed multiple documents, which we choose to consider as his appellate and reply briefs. In these documents, Employee argues that he is entitled to a copy of his deposition transcript and appears to take issue with the trial court's previous order denying benefits. He also claims that the court reporter refused to provide the transcript for the expedited hearing. For its part, Employer argues that Employee's appeal is frivolous and asks for penalties in light of our having found his previous appeal to be frivolous.

We conclude Employee has offered no cogent legal argument on appeal as to how the trial court purportedly erred in its order. It is well settled that, in general, each party is responsible for its own expenses during the course of litigation, including the costs associated with obtaining deposition and hearing transcripts. *See, e.g.*, *Mass. Mut. Life Ins. Co. v. Jefferson*, 104 S.W.3d 13, 33 (Tenn. Ct. App. 2002) ("[A]s a general matter, each party [is] responsible for its own litigation expenses."). Moreover, Tennessee's General Assembly has expressed its intent that parties to a workers' compensation dispute "have reasonable access to the employee's medical records and medical providers." Tenn. Code Ann. § 50-6-204(a)(2)(A). Employee has offered nothing to suggest these general rules are inapplicable under the circumstances of this case.

As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). "[W]here a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Id.* It is not our role to search the record for possible errors or to formulate a party's legal arguments where that party has provided no meaningful argument or authority to support its position. *Cosey v. Jarden Corp.*, No. 2017-01-0053, 2019 TN Wrk. Comp. App. Bd. LEXIS 3, at *8 (Tenn. Workers' Comp. App. Bd. Jan. 15, 2019). Without any substantive argument from Employee, we conclude the preponderance of the evidence supports the trial court's order compelling discovery.

Regarding Employer's contention that this appeal is frivolous, we agree. A frivolous appeal is one that is devoid of merit or brought solely for delay. *See Yarbrough v. Protective Servs. Co., Inc.*, No. 2015-08-0574, 2016 TN Wrk. Comp. App. Bd. LEXIS 3, at *11 (Tenn. Workers' Comp. App. Bd. Jan. 25, 2016); *see also Burnette v. WestRock*, No. 2016-01-0670, 2017 TN Wrk. Comp. App. Bd. LEXIS 66, at *15 (Tenn. Workers' Comp. App. Bd. Oct. 31, 2017). Here, Employee has provided no legal authority or identifiable legal argument as to how he believes the trial court abused its discretion in ordering him to disclose the identity of the physician who is currently treating him for his alleged work-related injuries and to complete a HIPAA-compliant release to permit Employer to obtain a copy of those medical records. Further, as the trial court noted in its order, Employee is free to obtain a copy of his deposition transcript directly from the court reporter, and Employer is under no obligation to provide this to him. Employee's apparent

belief that he can disclose information when he deems it necessary is, quite simply, incorrect. We exercise our discretion and decline to award attorneys' fees or expenses in these circumstances but encourage Employee to cooperate with all discovery orders and timelines set forth by the trial court in order to avoid sanctions or the assessment of fees in the future.

For the foregoing reasons, we affirm the decision of the trial court and remand the case. Costs on appeal were waived.